In re Timothy J. **BOYLAN**, Karen S. Boylan, Debtors.

No. 00–51803.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

July 26, 2000.

Joseph F. Castner, Newark, OH, for Debtors.

Leon Friedberg, Carlile Patchen & Murphy LLP, Columbus, OH, for The Peoples Banking and Trust Company.

Frank M. Pees, Worthington, OH, Chapter 13 Trustee.

### OPINION AND ORDER ON OBJECTION TO CONFIRMATION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the objection of Peoples Banking & Trust Company ("Peoples") to confirmation of the chapter 13 plan proposed by debtors Timothy and Karen Boylan.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334 and the General Order of Reference previously entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

In 1996 the debtors filed a chapter 7 case in this court. They received a discharge in that case which included their personal liability to Peoples on the note which was secured by a mortgage against their residence. The lien rights of Peoples survived. The debtors also filed a chapter 13 case in 1998 which was dismissed in December of 1999.

On March 7, 2000 the debtors filed this second chapter 13 case. They propose to pay $1,358 each month to the chapter 13 trustee to pay all secured and priority claims and a 13% dividend to their unsecured creditors. Part of the monthly payment ($700.36) is to be paid by the trustee to Peoples on account of the monthly mortgage obligation. Arrearage on that mortgage obligation is to be paid by the trustee at the contract rate of interest. A review of the schedules reveals that the only obligations in the plan are the first and second mortgages on the debtors' residence, real estate taxes and three small unsecured debts. In their amended plan the debtors propose to treat the second mortgage debt as an unsecured claim, based on the appraisal value of the real property. The holder of the second mortgage has not

objected to that amendment and has filed a proof of claim as an unsecured creditor.

Peoples objects to confirmation and alleges that the treatment proposed by the plan is not legally permissible because of the discharge of the debtors' personal obligation for the mortgage debt in the prior chapter 7 case. Peoples also cites debtors' defaults in payments under their first chapter 13 case during which the obligation to Peoples increased by $5,000, the debtors' failure to make payments after Peoples obtained relief from the automatic stay in the first chapter 13 case and the subsequent foreclosure judgment awarded to Peoples in the state court. Peoples believes the debtors are not proposing their plan in good faith.

Peoples argues that because of the discharge entered in the chapter 7 case, it no longer has a note obligation which can be decelerated, arrearage cured, and current payments maintained in a chapter 13 plan. Peoples now has recourse only against the debtors' real property for repayment of its loan.

■ The Court has reviewed case law dealing with the issue of the inclusion of a mortgage obligation in a chapter 13 plan where the debtors' personal liability on the note for which the mortgage serves as security was discharged in a prior chapter 7 case. That review and a reading of the statutes cause the Court to find that Peoples is an entity with a "right to payment" from property of the debtors or their bankruptcy estate which arose prepetition. Accordingly, Peoples has a "claim" within the meaning of 11 U.S.C. § 101(5), as amplified by 11 U.S.C. § 102(2). *Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991). That "claim" is an enforceable lien against the debtors' property, despite the earlier discharge which relieves the debtors of personal liability. As the holder of a "claim," Peoples is a "creditor" pursuant to 11 U.S.C. § 101(10). As a "creditor," Peoples'

"claim" may be treated in the debtors' chapter 13 plan.

■ The issue remaining, therefore, is what treatment the debtors may propose in their chapter 13 plan for the holder of a lien enforceable only against the debtors' principal residence. One difficulty in the analysis comes from the favored treatment given to home mortgage obligations generally in the chapter 13 statute. *See* 11 U.S.C. § 1322(b)(2).

Essentially § 1322(b)(2) permits a debtor to propose a plan which modifies the rights of the holder of a secured claim, unless that claim is secured only by a security interest in real property that is the debtor's residence. Section 1322(b)(5) somewhat softens the impact of § 1322(b)(2)'s prohibition against the modification of those rights by permitting the cure of a default and the maintenance of payments on any secured claim, including one secured by a mortgage against the debtors' residence, if the last payment on the secured claim is due after the final payment under the plan. This provision recognizes the long term nature of the mortgage obligation and the exclusion of such an obligation from the chapter 13 discharge. *See* 11 U.S.C. § 1328(a)(1).

The position taken by Peoples in its objection is that, if it is a "creditor," which it argues it is not, it is entitled to the protection of § 1322(b)(2), but is not subject to the limited exception in § 1322(b)(5) because it no longer has a contract for a long term debt enforceable against the debtors.

Section 1322(c)(1) was added to the Bankruptcy Code in 1994. That section provides that:

Notwithstanding subsection (b)(2) and applicable nonbankruptcy law,

(1) a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law; ...

This amendment makes it clear that cure and deceleration are permissible until an actual foreclosure sale. There has been no foreclosure sale in this case. The Court of Appeals for the Sixth Circuit had previously announced a "foreclosure sale" rule in *Federal Land Bank v. Glenn (In re Glenn),* 760 F.2d 1428 (1985), *cert. denied* 474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119. The 1994 amendment to Title 11 U.S.C., codified as § 1322(c), appears to go beyond *Glenn,* however. Section 1322(c) is broadly drafted and requires a default only "with respect to a lien on the debtor's principal residence." Once that qualification has been met, the debtor has a right to decelerate and cure the default and maintain payments under the now reinstated loan. Based upon that expression of Congress' intent, this Court finds that the debtors' plan proposal is contemplated by the statute. This finding, however, is not a ruling about the relative rights of the parties upon the conclusion of this case.

■ Peoples also challenges the debtors' good faith in this third attempt at bankruptcy relief within four years. In response the debtors describe their now enhanced business prospects. Subsequent to the hearing they also entered into an agreement with Peoples to settle a relief from stay motion. That agreement permits Peoples to proceed with their foreclosure action if the debtors fail to make their promised payments to the trustee, fail to pay and keep current the real estate taxes on the property subject to Peoples' lien, fail to keep in effect required insurance or fail to maintain the property. That agreement with its protections for Peoples, as well as the debtors' testimony at the hearing on confirmation, cause the Court to find that this plan is proposed in good faith.

Based on the foregoing, and despite the reservations this Court has about "chapter 20" filings, the Court **OVERRULES** the objection to confirmation filed by Peoples.

Confirmation of the debtors' plan is **GRANTED** and an order confirming the plan will be entered forthwith.

**IT IS SO ORDERED.**